**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN MORAITIS,<br><br>Plaintiff,<br><br>-against-<br><br>JMAC DISTRIBUTION, LLC,<br>PRIMERITUS FINANCIAL SERVICES,<br>INC. and ALLY FINANCIAL,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff KATHLEEN MORAITIS (hereinafter, "Plaintiff"), a Massachusetts resident, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, against Defendant JMAC DISTRIBUTION, LLC, PRIMERITUS FINANCIAL SERVICES, INC. and ALLY FINANCIAL (hereinafter "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants illegally repossessed her vehicle from the Plaintiff's driveway without the Plaintiff's consent, thereby violating Massachusetts General Laws 255B, § 20B. Plaintiff also brings a claim against JMAC Distribution, LLC. and Primeritus Financial Services, Inc. for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Fiskdale, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant JMAC Distribution, LLC, (hereinafter referred to as "JMAC"), is a repossession company, with its principal place of business in Haverhill, Massachusetts.

7. Upon information and belief, Defendant JMAC is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant JMAC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Primeritus Financial Services, Inc. (hereinafter referred to as "Primeritus"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Nashville, Tennessee.

10. Upon information and belief, Defendant Primeritus is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

11. Defendant Primeritus is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. Defendant Ally Financial is an American bank headquartered in San Antonio Texas.

13. Ally Financial is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above

paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2018 Nissan Versa, which was financed with a loan through Ally Financial.

15. The Plaintiff purchased and uses the Nissan Versa for her personal use and enjoyment.

16. The Ally Financial loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. Sometime prior to September 26, 2019, the Plaintiff fell behind on her obligations to Ally Financial.

18. As a result, Ally Financial contracted with Primeritus to repossess the Plaintiff's vehicle.

19. Upon information and belief, Primeritus does not perform any repossessions itself in Massachusetts, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Ally Financial.

20. Upon information and belief, after being contracted by Ally Financial to repossess the Plaintiff's vehicle, Primeritus arranged for JMAC to carry out the actual repossession.

21. At approximately 6:00 p.m. on September 26, 2019, the Plaintiff saw the Defendant's tow truck in her driveway.

22. Plaintiff then went outside her home, and saw that the Defendants were in the process of attempting to tow her vehicle from her driveway, which is private property.

23. The Plaintiff confronted the person moving her vehicle, who – at that point – was attempting to secure the Plaintiff's vehicle for the trip to the repo yard.

24. The Plaintiff advised the individual – identified as an employee of JMAC – that he had no right to repossess her vehicle from the Plaintiff's driveway.

25. JMAC's employee then threatened the Plaintiff that she could either give over her keys or her car would be towed to Maine and that it would cost her more money.

26. In completing its illegal repossession, Defendants damaged both the Plaintiff's fence when pulling into her driveway, as well as the Plaintiff's vehicle.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against JMAC and Primeritus)

27. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

28. Plaintiff brings this Count against Defendants JMAC and Primeritus.

29. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

30. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)   the property is exempt by law from such dispossession or disablement.

31. At the time of the repossession, the Plaintiff's vehicle was parked on her private property – her driveway – during the time that the Defendants unlawfully repossessed her vehicle.

32. To repossess the Plaintiff's vehicle, the Defendants trespassed on the Plaintiff's private property without the Plaintiff's consent, in violation of Massachusetts General Laws 255B, § 20B's which only allows repossessions that can be accomplished without entry on property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

33. Plaintiff never consented to the Defendants' entry upon her property to repossess his vehicle.

34. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property, and was prohibited from repossessing it.

35. Moreover, while the Plaintiff's vehicle was on the Plaintiff's property, Plaintiff's vehicle was clearly exempt from repossession or disablement.

36. As a result, the Defendants violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on September 26, 2019.

37. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

38. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by damaging the Plaintiff's property.

39. By reason thereof, Defendants JMAC and Primeritus are also liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

### COUNT II

**UNLAWFUL TRESPASSORY REPOSSESSION**
**M.G.L. c. 255B, § 20B** *et seq.*
**(Against All Defendants)**

40. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

41. Plaintiff brings this Count against Defendants JMAC, Primeritus and Ally Financial.

42. Massachusetts law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

43. On or about September 26, 2019, JMAC repossessed the vehicle on behalf of Primeritus and Ally Financial by entering the Plaintiff's private driveway to repossess the Plaintiff's vehicle without Plaintiff's consent or judicial authorization.

44. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; see also Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

45. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment and damage to the Plaintiff's property.

## COUNT III

**BREACH OF THE PEACE REPOSSESSION**
**M.G.L. c. 106, § 9-609** *et seq.*
**(Against All Defendants)**

46. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

47. Massachusetts only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

48. Defendants breached the peace when it continued to repossess the vehicle after Plaintiff objected to the vehicle's seizure.

49. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Doucette v. Belmont Savings Bank*, 34 Mass. L. Rptr. 183 (Mass. Super. April 14, 2017). As such, JMAC's breach of the peace is imputed upon Primeritus and Ally Financial.

50. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including damage to her property, the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## COUNT IV

### UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE
### M.G.L. c. 93A, § 9, *et seq.*
### (Against All Defendants)

51. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

52. At all relevant times, the Defendants were engaged in trade or commerce.

53. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiff's loan with Ally Financial via non judicial repossession of the vehicle without a present right to possession and in violation of chapter 255B § 20B. M.G.L. c. 255B, § 6, 940 Code Mass. Regs. § 7.07(18)(a), see also M.G.L. c. 93, § 49.

54. On or about October 30, 2019 – more than thirty days before this lawsuit was filed – a demand letter was mailed to JMAC and Primeritus, setting forth Plaintiff's claim under General Laws c. 93A.

55. No response to this Demand Letter was ever received from any of the Defendants.

## **DEMAND FOR TRIAL BY JURY**

56. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) awarding Plaintiff her actual damages incurred;

(b) Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

(c) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: September 23, 2020

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO: 680950
Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiffs*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
***Pro Hac Vice To Be Filed***